IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Erick Laszlo Mathe,<br><br>         Petitioner,<br><br>vs.<br><br>Stevie Knight, *Warden*,<br><br>         Respondent. | C/A No. 5:21-cv-83-JFA-KDW<br><br><br><br>**ORDER** |

**I. INTRODUCTION**

*Pro se* petitioner Erick Laszlo Mathe ("Petitioner"), an inmate at the Federal Prison Camp in Estill, South Carolina, brings this application for writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After reviewing the petition, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this petition should be dismissed without requiring Respondent to file an Answer. (ECF No. 23). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. Petitioner filed objections to the Report on February 25, 2021. (ECF No. 28). Thus, this matter is ripe for review.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

1

## II. STANDARD OF REVIEW

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and

conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

Because Petitioner is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Petitioner to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## III. DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report. The Report concludes that Petitioner is requesting the Bureau of Prisons ("BOP") grant him certain earned time credits to reduce his term of confinement. The Report states that Petitioner is required to exhaust his administrative remedies within the BOP before submitting a §2241 petition in this case. At the time the Report was issued, Petitioner had initiated the administrative remedies process within the BOP but had yet to receive a final decision on his regional appeal submitted via a BP-10 grievance form. The record indicates that the BOP received Petitioner's appeal on November 10, 2020 and responded on January 27, 2021 by stating that "Additional time is needed to respond" and the BOP would be "extending the time for response as provided for in the administrative remedy program statement." (ECF No. 19-1). The filing did not specify how long the time to respond would be extended. Based on this, the Report concludes that "Petitioner's filings with the court show he has not received a final decision on his BP-10; therefore, he has not fully exhausted his administrative remedies." (ECF No. 23, p. 4).

Within his objections, Petitioner avers that the BOP has yet to respond to his BP-10 appeal. Additionally, Petitioner attached excerpts from the Inmate Information Handbook related to Problem Resolution. (ECF No. 28-1). Within this handbook, inmates are instructed that regional appeals submitted on a BP-10 form

> must be answered within 30 calendar days, but the time limit may be extended an additional 30 days. You will be notified of the extension. If a response is not returned within the allotted time including an extension, you should assume your request has been denied, and take whatever steps you deem necessary.

(ECF No. 28-1, p. 4).

According to this handbook, the BOP's original response deadline was December 10, 2020 and could have been extended 30 days moving the deadline to January 9, 2021. Although the BOP acknowledged receipt and stated that the time to respond would be extended, Petitioner had yet to receive a response by the date he mailed his objections on February 15, 2021 and presumably has still not received a response to date. (ECF No. 28, p. 2). Based on the BOP's failure to timely respond, Petitioner assumed his request had been denied as mandated in the inmate handbook and further submissions would be futile. Accordingly, Petitioner avers that he has indeed exhausted his administrative remedies. Thus, Petitioner objects to the Report and requests that he be allowed to proceed. Based on the BOP's failure to respond within the timelines set in the Inmate Handbook, it appears Petitioner's appeal was effectively denied, and he has therefore exhausted his administrative remedies. Accordingly, the Report's conclusion no longer stands.

## IV.     CONCLUSION

Because the BOP has failed to respond to Petitioner's administrative remedies appeal since the issuance of the Report, it appears he reasonably concluded that his request has since been

denied and now seeks relief via the instant §2241 motion[2]. Accordingly, the court declines to adopt the Report as written. Consequently, this matter is referred back to the Magistrate Judge for further proceedings. Because this matter is being remanded back to the Magistrate Judge, there is no need for an evidentiary hearing at this time as requested by Petitioner. Thus, his motion for a telephonic hearing (ECF No. 30) is denied as moot.

IT IS SO ORDERED.

March 15, 2021
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[2] Within his objections, Petitioner also appears to argue for the first time that he should be exempted from the requirement to exhaust his administrative remedies because this case presents a narrow dispute of statutory construction or alternatively that further filings would be futile. The court offers no opinion as to the viability of this argument at this time and leaves that determination to the Magistrate Judge to be made in the first instance on remand if necessary.